# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA LEWIS,<br><br>             Plaintiff,<br>v.<br><br>U.S. DEPT. H.U.D., ET AL.,<br><br>             Defendants. | Case No. 10cv1193 BTM(WVG)<br><br>**ORDER GRANTING MOTION TO TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On June 3, 2010, Plaintiff filed a Complaint and a Motion to Proceed In Forma Pauperis ("IFP Motion"). For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend.

## DISCUSSION

I. Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

II. Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP

case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Complaint lists the defendants and alleges that they engaged in discrimination, harassment, and other wrongs. The Complaint makes some incoherent factual allegations regarding a racist conspiracy. However, these factual allegations are insufficient to establish a plausible legal claim against any of the defendants.

Plaintiff also submits a declaration in support of her Complaint. Based upon this declaration, it appears that Plaintiff's Complaint is based on events that happened in San Rafael, Marin County, California. Plaintiff believes her housing rights were violated when an apartment manager evicted her because of her race. She also alleges that the San Francisco Office of HUD is guilty of negligence and racial discrimination because they claimed to have "lost" 3 of Plaintiff's complaints of housing discrimination. Plaintiff also makes vague allegations about other defendants violating her rights and allegations regarding being placed on a Ku Klux Klan website by someone and word being spread by White Supremacists to keep her from ever obtaining housing.

It is possible that Plaintiff wishes to bring a Fair Housing Act claim against the person or persons responsible for evicting her. However, it is unclear whether Plaintiff named this person(s) as defendants. (The Court also notes that the limitations period for such an action is 2 years after the occurrence of the alleged discriminatory housing practice - 42 U.S.C. § 3613(a)(1)(A).)

Plaintiff's claim of negligence against HUD is governed by the Federal Tort Claims Act, 28 U.S.C. § 2671, which authorizes suits against the United States for money damages for personal injuries resulting from the negligent or wrongful acts or omissions of the United States' employees acting within the scope of their employment. A tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). There is no indication that Plaintiff filed a tort claim with HUD within the prescribed time period.

Plaintiff also accuses HUD of racial discrimination. However, Plaintiff does not

present any facts, other than the loss of the three complaints, in support of such a claim.

For the reasons discussed above, Plaintiff's Complaint fails to state a cognizable legal claim against defendants. Therefore, Plaintiff's Complaint is dismissed. However, the Court grants Plaintiff leave to file an amended complaint curing the deficiencies noted above.

The amended complaint should include a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of the legal claim(s) being asserted, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). With respect to the legal claims, Plaintiff should specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged wrongful conduct.

Regarding the form of the amended complaint, Plaintiff must abide by Rule 10 of the Federal Rules of Civil Procedure. Among other things, Rule 10 requires that a party "state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## **CONCLUSION**

Plaintiff's Motion to Proceed IFP is **GRANTED**. However, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may file a First Amended Complaint on or before **July 6, 2010**. If Plaintiff fails to do so, the Court shall close this case. Plaintiff did not provide the Court with any address, telephone number, or other contact information. It is Plaintiff's responsibility to check in with the Court to determine whether there has been any developments in her case.

**IT IS SO ORDERED.**

DATED: June 8, 2010

Honorable Barry Ted Moskowitz
United States District Judge